**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

Lyle W. Cayce
Clerk

No. 10-10908
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ROMERO-CAMACHO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-15-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Romero-Camacho pleaded guilty to unlawful reentry and was sentenced to 37 months in prison, at the bottom of the advisory guidelines range of 37 to 46 months. On appeal, he argues that the district court gave inadequate reasons for rejecting his nonfrivolous arguments for a sentence below the guidelines range. Finding no reversible error, we affirm.

As a threshold matter, we conclude that Romero-Camacho's general objection to procedural and substantive reasonableness, which was tied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specifically to the grounds he raised for a nonguidelines variance, did not preserve his specific challenge to the adequacy of the district court's reasons for the sentence. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th 2009). Thus, we review only for plain error. *See id.*

To demonstrate reversible plain error, Romero-Camacho must identify an error that is clear or obvious and that affects substantial rights. *See id.*; *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if he makes that showing, this court will not exercise its discretion to correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Mondragon-Santiago*, 564 F.3d at 361 (internal quotation marks and citation omitted).

Prior to imposing sentence, the district court had Romero-Camacho's sentencing memorandum and the presentence report before it. Further, the court heard Romero-Camacho's arguments for a sentence below the range as well as the Government's counter-arguments. The court then imposed a sentence at the bottom of the range, stating that the sentence adequately addressed the objectives of punishment and deterrence. Although the court could have given more explanation, we cannot say that its reasons were insufficient in light of the record. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). There was no error, and certainly no clear or obvious error. Further, Romero-Camacho has not demonstrated that the lack of additional reasons affected his substantial rights, that is, he has not shown that further explanation would have resulted in a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

For the foregoing reasons, the judgment of the district court is AFFIRMED.